CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 28 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| SYSTEMS2 COMMUNICATIONS INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> COMCAST CORP. *et al.*, <br><br> *Defendants*. | Civil Action No. 7:10-cv-00501 <br><br> Memorandum Opinion <br><br> By: James C. Turk <br> Senior United States District Judge |

This matter is presently before the Court on Plaintiff System2 Communications Incorporated's ("System2") motion to remand (Dkt. No. 4). Defendant Comcast Corporation ("Comcast") responded (Dkt. No. 7), and System2 replied (Dkt. No. 9). The Court heard oral argument on January 18, 2011, and the matter is now ripe for decision. For the foregoing reasons, the Court will **GRANT** System2's motion and remand the case to the Circuit Court for the City of Salem, Virginia.

I. **Background and Procedural History**

On October 5, 2010, System2 filed a complaint against Comcast in the Circuit Court for the City of Salem, Virginia alleging Virginia state law breach of contract claims relating to several oral contracts between System2 and various Comcast entities, and claiming damages totaling $11,635,687.75. (Dkt. No. 1-2). In all, System2, a Virginia resident corporation, joined nine different corporate entities under the Comcast umbrella, eight of which reside outside of Virginia. System2 also joined Comcast Business Communications of Virginia, LLC ("CBCV"), a Virginia resident corporation. Comcast removed the case to the United States District Court for the Western District of Virginia on November 4, 2010 pursuant to 28 U.S.C. §§ 1441 and

1446, basing jurisdiction on 28 U.S.C. § 1332. (Dkt. No. 1). Comcast claims that System2 fraudulently joined CBCV, thereby improperly defeating federal subject matter jurisdiction, and asks the Court to retain jurisdiction.

## II. Standard of Review

Federal courts have subject matter jurisdiction over removed claims not presenting a federal question when no plaintiff resides in the same state as any defendant, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *see Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). If any defendant resides in the same state as any plaintiff, there is no complete diversity and no federal jurisdiction. *Mayes*, 198 F.3d at 461. Moreover, if any defendant resides in the same state in which the action is filed, federal courts are without jurisdiction. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

However, a district court may retain jurisdiction over a matter when there is not complete diversity when a plaintiff fraudulently joins a defendant to defeat federal jurisdiction. *Mayes*, 198 F.3d at 461. While the term fraudulent joinder connotes malfeasance, the word "fraudulent" is a term of art, and does not reflect any nefarious intent by counsel. *See AIDS Counseling & Testing Ctrs. V. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990).

A federal court may retain jurisdiction over a non-diverse case on the basis of fraudulent joinder only if there was "'outright fraud in the plaintiff's pleading of jurisdictional facts'" or if "'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original). A defendant alleging fraudulent joinder bears a heavy burden of persuasion and "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in

2

the plaintiff's favor." *Id.* The inquiry into fraudulent joinder must be even more searching, and more favorable to the plaintiff, than the one used to evaluate motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* If the defendant does not negate *all possibility of recovery*, remand is appropriate. *Id.* at 425.

In the Fourth Circuit, "only a possibility of a right to relief need be asserted" to defeat a fraudulent joinder claim. *Marshall*, 6 F.3d at 233. If a court finds even a "slight possibility of a right to relief" or a "glimmer of hope" for the plaintiff, the matter should be remanded because the question of whether a cause of action exists against a non-diverse party is a state law issue to be decided by a state court. *See Hartley*, 187 F.3d at 425–26. If there is *any* doubt about whether a defendant has been fraudulently joined, a court should remand the case. *Id.* at 425.

Comcast insists that the *Hartley* standard no longer controls this issue because the Fourth Circuit recently retreated from the rigid "no possibility" standard in *Boss v. Nissan North America*. Comcast instead urges this Court to analyze the fraudulent joinder claim under a "reasonableness" standard more lenient to a defendants' claim of fraudulent joinder. Comcast cites *Boss* as holding that "a defendant is fraudulently joined if there is no *reasonable basis* for predicting that state law might impose liability on the facts involved." *Boss v. Nissan North America, Inc.*, 228 Fed. Appx. 331, 335 (4th Cir. 2007) (per curiam) (emphasis added). However, Comcast overstates the Fourth Circuit's decision in *Boss*. In fact, the court emphatically reaffirmed the *Hartley* "no possibility" standard in *Boss*, and repeatedly referenced the standard in its analysis of the fraudulent joinder claims. *Boss*, 228 Fed. Appx. at 335–36.

Comcast is correct in pointing out that *Boss* does indeed cite a Fifth Circuit case, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (2002), which used the "reasonable basis" standard. *Boss*, 228 Fed. Appx. at 335–36. However, the *Boss* court only

3

cited *Great Plains Trust* after reaffirming the Fourth Circuit's commitment to the *Hartley* standard. *Id.* The *Boss* court's refusal to retreat from the *Hartley* standard is further evidenced by the *way* it cited *Great Plains Trust*: in a "see also" citation following a "direct" citation to *Hartley* itself. *Id.* If the *Boss* court did have the intention to alter the *Hartley* standard, it most certainly would not have done so without any explanation. *Hartley* is the controlling standard in the Fourth Circuit, and the Court will analyze Comcast's fraudulent joinder claim to determine whether System2's claim against CBCV has even the slightest possibility of success.

## III.  Analysis

Comcast claims that there is complete diversity because System2 fraudulently joined CBCV to improperly destroy federal jurisdiction. Comcast asserts that because no properly joined defendant resides in Virginia, the plaintiff and all defendants are completely diverse and this Court properly has jurisdiction. The only issue before the Court is whether System2 fraudulently joined CBCV to avoid complete diversity and federal jurisdiction. If System2 did fraudulently join CBCV, there is complete diversity, this Court properly has subject matter jurisdiction, and System2's motion to remand must be denied. But if System2 did not fraudulently join CBCV, there is no complete diversity, this Court does not have subject matter jurisdiction, and System2's motion to remand must be granted. As explained by the Fourth Circuit, the purpose of the Court's inquiry into Comcast's fraudulent joinder claim must be limited to evaluating whether System2 might obtain relief against CBCV in Virginia state court. If there is the *mere possibility* that System2 could establish a cause of action against CBCV, CBCV is not fraudulently joined, and the Court must remand. *Id.* at 424.

The gravamen of Comcast's claim that System2 fraudulently joined CBCV is that CBCV could not have entered a contract with System2 because CBCV is not an active, contracting

4

entity. (Dkt. 7, at 14). Accordingly, Comcast argues, System2 has not stated a claim against CBCV for which relief could be granted because System2 has not pled facts sufficient to support the alleged existence of a contract with CBCV. *Id.* In arguing that System2 has failed to state a claim against CBCV, Comcast relies on the heightened federal pleading standards established by *Bell Atl. Corp. v. Twombly*, 550 U.S. 522 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), holding that bare allegations, unsupported by specific facts, are insufficient to survive a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6). Comcast's argument fails, however, because federal pleading standards do not control in this case. State pleading requirements are the pleading requirements applicable in the review of motions to remand. *See Cordill v. Purdue Pharma., L.P.*, No. 1:02-cv-00121, 2002 WL 31474466, at *4 (W.D. Va. 2002) (applying the lenient Virginia pleading standards in a motion to remand based on fraudulent joinder, stating "it is settled law in Virginia that the use of alternative factual claims is a valid pleading tactic . . . ."). The Fourth Circuit has also made it clear that the standard for analyzing fraudulent joinder claims is "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss," further indicating that federal pleading requirements do not inform fraudulent joinder analyses.

Virginia pleading requirements do not mandate that state law breach of contract claims be pled with particularity or an otherwise significant factual basis. Supreme Court of Virginia Rule 1:4. Instead, a complaint is sufficient "if it clearly informs the opposite party of the true nature of the claim or defense." Supreme Court of Virginia Rule 1:4(d). The Supreme Court rules also note that "[b]revity is enjoined as the outstanding characteristic of good pleading." Supreme Court of Virginia Rule 1:4(j). In its original state court complaint, System2 provided ample details about the alleged breached contract with CBCV, including specific dates of meetings, the

names of participants, and the nature of the discussions. Under the Virginia pleading standards, this Court cannot definitively say, "with the snap of a finger," that System2 has failed to state a claim against CBCV. *Hartley*, 187 F.3d at 425.

Even assuming that System2's complaint adequately states a breach of contract claim on its face, Comcast argues that corporate records filed in Virginia clearly indicate that System2 cannot maintain an action against CBCV. (Dkt. 7, at 17). Comcast filed several affidavits of Comcast administrators declaring that CBCV merely exists as an entity to hold a telephony certificate, that Comcast's corporate structure is set up to preclude CBCV from entering contracts with third parties, and therefore System2 could not have had any business dealings whatsoever with CBCV. (Dkt. 7, at 17–18). System2, however, insists that Virginia State Corporation Commission records and Comcast's own documents indicate that CBCV did actively engage in business activities and entered into contracts with other third parties. (Dkt. 9, at 3–4).

Any resolution of this debate would be beyond the bounds of a motion to remand, and would be an actual adjudication of the merits of the case, essentially determining the liability of a party at this early stage. This type of searching analysis is best served by a motion to dismiss or a motion for partial summary judgment in state court, and not by a motion to remand in federal court. *Id.* Federal courts must endeavor to "minimize threshold litigation over jurisdiction" because "a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact." *Id.* "The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper." *Id.* Whether a Virginia corporation may properly be held liable for breaching a contract with another Virginia corporation is a question of Virginia state law to be answered by a Virginia state court, and is not

appropriate for a federal court to decide on a motion to remand before the parties have an opportunity to conduct discovery. Ultimately, after discovery, CBCV may be dismissed from the action as an improper party, but this Court cannot declare that System2 has no "glimmer of hope" at this stage in the case.

## IV. Conclusion

The Court could find that System2 fraudulently joined CBCV only if Comcast demonstrated that System2 clearly has no possibility of succeeding against CBCV. *See Hartley*, 187 F.3d 422, at 424. At this stage in the case, the Court does not find that System2 has no "glimmer of hope" of succeeding against CBCV. The Court therefore cannot find that System2 fraudulently joined CBCV to avoid federal jurisdiction. Because CBCV was not fraudulently joined, there is no complete diversity in this case, and this Court cannot exercise subject matter jurisdiction. Accordingly, System2's motion to remand (Dkt. 4) is **GRANTED**.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying order to counsel of record for both parties.

**ENTER:** This 27th of January, 2011.

*[signature]*

Senior United States District Judge